UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPADIVISION

STEPHEN TOWNSEND,

     Plaintiff,

v.                                    Case No.:

HERNANDO COUNTY BOARD
OF COUNTY COMMISSIONERS,

     Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, STEPEHN TOWNSEND, by and through undersigned counsel, brings this action against Defendant, HERNANDO COUNTY BOARD OF COUNTY COMMISSIONERS ("Defendant"), and in support of his claims states as follows:

### JURISDICTION AND VENUE

1.     This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. and the Florida Minimum Wage Act ("FMWA"), Fla. Stat. § 448.110.

2.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3.     Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Hernando County, Florida.

### PARTIES

4.     Plaintiff is a resident of Hernando County, Florida.

5.     Defendant operates a county government in Brooksville, in Hernando County, Florida.

## GENERAL ALLEGATIONS

6.     Plaintiff has satisfied all conditions precedent, or they have been waived.

7.     Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8.     Plaintiff requests a jury trial for all issues so triable.

9.     At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such was subject to the individual coverage of the FLSA and FMWA.

10.     At all times material hereto, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) and FMWA.

11.     Defendant   continues to be an "employer" within the meaning of the FLSA and FMWA.

12.     At all times material hereto, Defendant was and continues to be an enterprise covered by the FLSA, as defined under 29 U.S.C. §§ 203(r) and 203(s) and FMWA.

13.     At all times relevant to this action, Defendant  was engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203(s) and FMWA

14.     At all times relevant to this action, the annual gross sales volume of Defendant exceeded $500,000 per year.

15.     Specifically, Plaintiff was not employed by Defendant in a bona fide administrative, executive, or professional capacity. In particular, Plaintiff had no

authority to hire or terminate any other employee of Defendant; he had no special or professional qualifications and skills for the explicit use of which he was employed by Defendant; and he had no control whatsoever over Defendant's business operations, even from an administrative standpoint. Plaintiff was paid on an hourly basis.

16.     Thus, Plaintiff is a "non-exempt employees" who is covered by the FLSA and FMWA.

17.     At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant.

## FACTS

18.     Plaintiff began working for Defendant in September 2014 and continues to be employed by Defendant.

19.     At various times material hereto, Plaintiff worked in the Public Works Department. He continued to work for the Public Works Depart through March 2018.

20.     At all ties material herein, Plaintiff worked hours at the direction of Defendant with full knowledge of Defendant.

21.     Plaintiff was not paid at least the applicable State of Florida minimum wage for all of the hours he worked, in accordance with the FMWA and FLSA.

22.      Plaintiff worked hours in excess of forty (40) hours within a work week for Defendant, and he was entitled to be compensated for these overtime hours at a rate equal to one and one-half times his regular hourly rate.

23.     Plaintiff reported to work regularly at least thirty minutes prior to his scheduled shift and performed work for Defendant during that time with Defendant's

knowledge. From 2014 to March 2018, Plaintiff regularly worked though his lunch and a deduction was taken for a break which he likewise worked through on a daily basis.

24.     For the three year period preceding the filing of this lawsuit, Plaintiff is entitled to pay for minimum wage and overtime under the FLSA.

25.     For the five year period preceding the filing of this lawsuit, Plaintiff is entitled to the Florida minimum wage for all hours worked.

26.     Defendant failed to pay Plaintiff an overtime premium for all of the overtime hours that he worked, in violation of the FLSA.

27.     In October 2017 the County investigated its pay practices and failure to accurately record and pay employees, specifically in the Public Works Department.

28.      The County had specific knowledge that Plaintiff and others were not compensated for all hours worked or paid overtime premium as required by law.

29.     Plaintiff answered questions during that investigation on October 10, 2017 which were put to him by Christi Charlow. He revealed he started work at 6:30 (30 minutes ahead of schedule) and clocked in only on rare occasion when required to do so by his supervisor.

30.     Human Resources Director Christi Charlow has testified under oath that she and the County were aware of the nonpayment of wages to Mr. Townsend.

31.     Approximately 10 months later,  on or about July 31, 2018, the Hernando County Deputy County Administrator, Jeffrey Rogers, sent an email to employees of the Public Works Department confirming their participation in a human resources investigation conducted in October 2017 regarding overtime pay. Mr. Rogers requested

that employees submit an accurate estimate of the total amount of hours worked beginning in August 10, 2015 through the date of the email. The deadline to submit the calculation was August 10, 2018.

32.     In March 2018, Plaintiff had transferred to a new position with the County in order to accommodate personal issues. Loss of his job at this time would have been particularly devastating for him and his family.

33.     In August 2018, Plaintiff feared that if he responded to the email he would suffer reprisal.

34.     Plaintiff has become aware that Defendant has admitted liability for wages owed under similar circumstances and as a result of the October 2017 investigation, and paid several Public Works employees for hours worked, consistent with his complaints, including overtime premiums and further has admitted such employees are due and owed liquidated damages in the unpaid wage claims for the period commencing August 10, 2015 to August 10, 2018.

35.     Defendant's actions were willful, and showed reckless disregard for the provisions of the FLSA and FMWA.

36.     On or about March 13, 2019, Plaintiff made demand for payment of unpaid minimum wage and overtime owed to him. On or about July 15, 2019, in response thereto, the Defendant made a partial payment of wages owed.

## COUNT I – FLSA OVERTIME VIOLATION

37.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 36 of this Complaint, as though fully set forth herein.

38.     During the statutory period, Plaintiff worked overtime hours while employed by Defendant, and he was not compensated for all of these hours in accordance with the FLSA.

39.     Defendant's failure to pay was willful.

40.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

41.     As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands:

a)     Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;

b)     Judgment against Defendant, stating that Defendant's violations of the FLSA were willful;

c)     An amount equal to Plaintiff's overtime damages as liquidated damages;

d)     To the extent liquidated damages are not awarded, an award of prejudgment interest;

e)     A declaratory judgment that Defendant's practices as to Plaintiff were unlawful, and a grant of equitable relief to Plaintiff;

f)     All costs and attorney's fees incurred in prosecuting these claims; and

g)     For such further relief as this Court deems just and equitable.

## COUNT II – FLORIDA MINIMUM WAGE ACT

42.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 36 of this Complaint, as though fully set forth herein.

43.     Plaintiff has exhausted all of his administrative and pre-suit requirements under Fla. Stat. § 448.110.

44.     During the five (5) year statutory period, Defendant did not pay Plaintiff the applicable Florida minimum wage, as Defendant was required to do under Section 24, Article X of the Florida Constitution as well as the FMWA.

45.     As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiffs demand:

(a)     A jury trial for all issues so triable;

(b)     That process issue and that this Court assert jurisdiction over these claims;

(c)     Judgment against Defendant for an amount equal to Plaintiffs' unpaid wages, computed at a hourly rate equal to the applicable State of Florida minimum wage;

(d)     Judgment against Defendant, stating that its violations of the FMWA were willful;

(e)     Liquidated damages in an amount equal to Plaintiffs' unpaid wages, computed at a hourly rate equal to the applicable State of Florida minimum wage;

(f)     To the extent that liquidated damages are not awarded, an award of prejudgment interest;

(g)     A declaration that Defendants practices as to Plaintiffs were unlawful, and a grant of equitable relief to Plaintiff;

(h)     All costs and attorneys' fees incurred in prosecuting these claims; and

(i)     For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 15th day of August, 2019.

Respectfully submitted,

**DONNA V. SMITH**
Florida Bar Number: 661201
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Avenue, Suite 300
Tampa, Florida  33602
Main Number: 813-224-0431
Direct Dial: 813-386-0995
Facsimile: 813-229-8712
Email: dsmith@wfclaw.com
Email: rcooke@wfclaw.com
**Attorneys for Plaintiff**